1

2

3

4

5

6

7

8

9              IN THE UNITED STATES DISTRICT COURT

10             FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12  EXPLORER INSURANCE COMPANY,        )
                                       )        2:05-cv-00369-GEB-DAD
                      Plaintiff,       )
13                                     )
        v.                             )        STATUS (PRETRIAL
14                                     )        SCHEDULING) ORDER
    ANDREW NOLEN, RYLEE NOLEN,         )
15  RICHARD STEVEN DOWELL, JAMES F.    )
    BUMB, JAMES W. BUMB dba BUMB       )
16  CONSTRUCTION, BUMB CONSTRUCTION,   )
    and DOES 1 through 10, and         )
17  COMPANIES RED, WHITE, and BLUE,    )
                                       )
18                    Defendants.      )
                                       )
19  _____

20          A status conference was held in this action on October 3,

21  2005.  Only Plaintiff and Defendant Andrew Nolen appeared.  At the

22  status conference the default proceeding against Defendant Richard

23  Steven Dowell ("Dowell") was discussed, and the undersigned judge

24  retained the matter of hearing any motion for entry of default

25  judgment against Dowell.  Local Rule 72-302(d) ("a Judge may retain

26  any matter routinely referred to a Magistrate Judge").  Further,

27  Plaintiff's request for court approval of its stipulation with

28  Defendants James F. Bumb, James W. Bumb dba Bumb Construction, and

1

Bumb Construction was discussed and rejected for the reasons stated on the record.[1]  Based on the above decisions and input from counsel the action is scheduled as follows.

SERVICE OF PROCESS

No further service is permitted, except with leave of Court, good cause having been shown.

JOINDER OF ADDITIONAL PARTIES/AMENDMENT

No joinder of parties or amendments to pleadings is permitted except with leave of Court, good cause having been shown.

DISCOVERY

(a)  All discovery shall be completed by March 31, 2006.  In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.[2]

(b)  Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)'s initial expert witness disclosure and report requirements on or before October 28, 2005, and with the rebuttal expert disclosures authorized under the Rule on or before February 19, 2006.

---

[1]     This ruling does not invalidate the referenced stipulation, assuming it is valid as to the stipulating parties.

[2]     The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes.  See Local Rule 72-302(c)(1).  Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case. A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a jurist resolve discovery motions pursuant to the Local Rules.

1                          MOTION HEARING SCHEDULE

2              The last hearing date for motions shall be May 22, 2006, at

3    9:00 a.m.[3]

4              Motions shall be filed in accordance with Local Rule 78-

5    230(b).  Opposition papers shall be filed in accordance with Local

6    Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed</u>

7    <u>consent to the motion and the Court may dispose of the motion</u>

8    <u>summarily</u>.  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994).

9    Further, failure to timely oppose a summary judgment motion may result

10   in the granting of that motion if the movant shifts the burden to the

11   nonmovant to demonstrate a genuine issue of material fact remains for

12   trial.  <u>Cf.</u> <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

13             Absent highly unusual circumstances, reconsideration of a

14   motion is appropriate only where:

15             (1)  The Court is presented with newly discovered evidence

16   that could not reasonably have been discovered prior to the filing of

17   the party's motion or opposition papers;

18             (2)  The Court committed clear error or the initial decision

19   was manifestly unjust; or

20             (3)  There is an intervening change in controlling law.

21   A motion for reconsideration based on newly discovered evidence shall

22   set forth, in detail, the reason why said evidence could not

23   reasonably have been discovered prior to the filing of the party's

24   motion or opposition papers.  Motions for reconsideration shall comply

25   with Local Rule 78-230(k) in all other respects.

26

27   —————————————

28       [3]     This time deadline does not apply to motions for continuances,
     temporary restraining orders, emergency applications, or motions under
     Rule 16(e) of the Federal Rules of Civil Procedure.

1       The parties are cautioned that an untimely motion
2 characterized as a motion in limine may be summarily denied.  A motion
3 in limine addresses the admissibility of evidence.

4 <u>FINAL PRETRIAL CONFERENCE</u>

5       The final pretrial conference is set for July 31, 2006, at
6 1:30 p.m.  The parties are cautioned that the lead attorney who WILL
7 TRY THE CASE for each party shall attend the final pretrial
8 conference.  In addition, all persons representing themselves and
9 appearing <u>in</u> <u>propria</u> <u>persona</u> must attend the pretrial conference.

10       The parties are warned that <u>non-trialworthy issues could be</u>
11 <u>eliminated</u> <u>*sua sponte*</u> "[i]f the pretrial conference discloses that no
12 material facts are in dispute and that the undisputed facts entitle
13 one of the parties to judgment as a matter of law." <u>Portsmouth Square</u>
14 <u>v. Shareholders Protective Comm.</u>, 770 F.2d 866, 869 (9th Cir. 1985).

15       The parties shall file a <u>JOINT</u> pretrial statement with the
16 Court not later than seven (7) days prior to the final pretrial
17 conference.[4]  The joint pretrial statement shall specify the issues
18 for trial.  The Court uses the parties' joint pretrial statement to
19 prepare its final pretrial order and could issue the final pretrial
20 order without holding the scheduled final pretrial conference.  <u>See</u>
21 <u>Mizwicki v. Helwig</u>, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no
22 requirement that the court hold a pretrial conference.").  The final
23 pretrial order supersedes the pleadings and controls the facts and

24     ——————————————————

25       [4]    The failure of one or more of the parties to participate in
26 the preparation of any joint document required to be filed in this case
does not excuse the other parties from their obligation to timely file
27 the document in accordance with this Order.  In the event a party fails
to participate as ordered, the party or parties timely submitting the
28 document shall include a declaration explaining why they were unable to
obtain the cooperation of the other party.

1  issues which may be presented at trial.  Issues asserted in pleadings

2  which are not preserved for trial in the final pretrial order cannot

3  be raised at trial.  <u>Hotel Emp., et al. Health Tr. v. Elks Lodge 1450</u>,

4  827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the

5  pretrial order are eliminated from the action."); <u>Valley Ranch Dev.</u>

6  <u>Co. v. F.D.I.C.</u>, 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an

7  issue omitted from the pretrial order is waived, even if it appeared

8  in the pleading); <u>cf.</u> <u>Raney v. District of Columbia</u>, 892 F. Supp. 283

9  (D.D.C. 1995) (refusing to modify the pretrial order to allow

10  assertion of a previously-pled statute of limitations defense);

11  <u>Olympia Co. v. Celotex Corp.</u>, 597 F. Supp. 285, 289 (E.D. La. 1984)

12  (indicating that "[a]ny factual contention, legal contention, any

13  claim for relief or defense in whole or in part, or affirmative matter

14  not set forth in [the pretrial statement] shall be deemed . . .

15  withdrawn, notwithstanding the contentions of any pleadings or other

16  papers previously filed [in the action]").

17          <u>If possible, at the time of filing the joint pretrial</u>

18  <u>statement counsel shall also email it in a format compatible with</u>

19  <u>WordPerfect to: geborders@caed.uscourts.gov</u>.

20                          <u>SETTLEMENT CONFERENCE</u>

21          No settlement conference is currently scheduled.  The

22  parties shall address in their joint pretrial statement whether they

23  wish to have a judge-assisted settlement conference.  If counsel wish

24  the Magistrate Judge to act as settlement judge, written stipulations

25  to this effect which waive the judge's disqualification from later

26  acting as the discovery judge must be filed prior to the scheduling of

27  the settlement conference.  <u>See</u> L. R. 16-270(b).  If the parties wish

28

to participate in Court-assisted settlement prior to the final
pretrial conference, they should contact the Deputy Clerk.

TRIAL SETTING

      Trial is set for September 26, 2006, commencing at 9:00 a.m.

MISCELLANEOUS

      The parties are reminded that pursuant to Federal Rule of
Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall
not be modified except by leave of Court upon a showing of good cause.
Counsel are cautioned that a mere stipulation by itself to change
dates does not constitute good cause.**

      IT IS SO ORDERED.

Dated:  October 5, 2005


                /s/ Garland E. Burrell, Jr.
                GARLAND E. BURRELL, JR.
                United States District Judge